# Exhibit 1

**CERTIFIED TRANSLATION**

**Consolidated Act no 855 of 17 August 2012**
**The Danish Securities Trading Act**

**57(1)** An agreement between systems participants and a clearing center, a designated payment system, interoperable systems or Danmarks Nationalbank (Denmark's central bank) on netting pertaining to all transfer orders, may with effect towards the estate and creditors, also include a provision to the effect that such transfer orders shall be netted, cleared and settled or reversed in full if one of the parties, including a systems participant in an interoperable system, is declared bankrupt or a notice of financial reconstruction has been submitted, and provided that the transfer orders were included in the system before the bankruptcy order or the financial reconstruction have commenced.

**(2)** Agreements on netting pursuant to subsection (1) may include transfer orders which are not included in the clearing center, Danmarks Nationalbank (Denmark's central bank), the designated payment system or an interoperable system until after the bankruptcy order or a financial reconstruction has commenced, but on the business day of the bankruptcy order or commencement of the financial reconstruction, if the systems operator, the interoperable system, the clearing center, the designated payment system or Danmarks Nationalbank (Denmark's central bank), at the time when the claim became irrevocable, cf. section 57c, neither was nor should have had knowledge of the bankruptcy or the commencement of financial reconstruction. In cases where a transfer order has been entered into the system on the business day of the bankruptcy order or commencement of financial reconstruction but after expiry of the day when the bankruptcy has been published in the Danish Official Gazette, it shall rest on the system to prove that the system neither was nor should have had knowledge about the bankruptcy.

**(3)** Agreements on netting with foreign clearing centers and payment systems notified to the Commission pursuant to Article 10, 1st paragraph of Directive 98/26/EC of the European Parliament and of the Council shall have the same legal effect as the agreements specified in subsection (1) above.

**(4)** The Danish Financial Authority may approve that agreements on netting not covered by subsection (3) and entered into with foreign clearing centers and payment systems or corresponding foreign undertakings which carry out securities clearing activities or clearing of payments outside of the European Union or countries with which the Union has entered into an agreement will have legal effect pursuant to subsection (1).

**(5)** Agreements as specified in subsection (1) shall, in order to have legal effect towards the estate and creditors, be submitted to the Danish FSA prior to the bankruptcy order or commencement of a financial reconstruction. If the agreement concerns a designated payment system covered by section 86(2), in order to have legal effect towards the estate and the creditors prior to the bankruptcy, commencement of a

financial reconstruction, the agreement shall be submitted to Danmarks Nationalbank (Denmark's central bank).

**(6)** Agreements under subsections (1) and (4) shall contain objective conditions pertaining to the cases in which transfer orders, which have been entered into but not settled, are either

>1) fulfilled in accordance with the netting agreement, or
>2) revoked.

**57c (1)** Regulations and participation agreements for a clearing center, a designated payment system or corresponding activities carried out by Danmarks Nationalbank (Denmark's central bank) shall include provisions on,

>1) when a transfer order is to be considered entered into the system, and
>2) the point/s in time after which a registered transfer order can no longer be revoked by a participant or a third party.

**62** (1) Apart from the central securities depository concerned, the following account holding institutions shall have the right to report transactions for book-entry with a central securities depository on its behalf and with legal effect pursuant to sections 66-75:

>1) financial undertakings licensed as banks or investment firms,
>2) financial undertakings licensed as mortgage-credit institution or investment management company to the extent that such undertakings are licensed under section 9(1) of the Financial Business Act,
>3) undertakings, jointly managed by these financial undertakings for the purpose of managing securities,
>4) Danmarks Nationalbank (Denmark's central bank) and central banks in another Member State of the European Union or in a country with which the Union has entered into an agreement for the financial area,
>5) the Agency for Governmental Management,
>6) clearing centers,
>7) bond-issuing institutions as regards investment securities issued by the institution in question, and
>8) investment companies and credit institutions which have been granted a licence in another Member State of the European Union or in a country with which the Union has entered into an agreement for the financial area.

(2) Management companies, which have been granted a licence in another Member State of the European Union or in a country with which the Union has entered into an agreement for the financial area, shall be authorised to effect book-entry, cf. subsection (1), if such institution, firm or company legally carries out securities trading either through a branch or by providing services in Denmark, cf. sections 30 and 31 respectively of the Financial Business Act.

(3) Credit institutions and investment companies, which have been granted a licence in a country outside the European Union with which the Union has not entered into an agreement for the financial area, shall have the right to report transactions for book-entry, cf. subsection (1), if such company legally carries out securities trading either through a branch or by providing services in Denmark, cf. section 1(3) and section 33, respectively, of the Danish Financial Business Act.

(4) Foreign clearing centers or similar institutions which are subject to public supervision,
shall, subject to the approval of the Danish Financial Authority, have the right to report transactions for book
entry, cf. subsection (1).

(5) Major customers may obtain information concerning their own accounts directly from a
central securities depository, and they may transfer notifications of sale through a central
securities depository to the account-holding institutions or a clearing center, and notify
transactions for book-entry on own accounts directly to a central securities depository.

**66.** Rights to investment securities shall be registered by book-entry in a central securities depository in order to obtain protection against legal proceedings and assignees.

(2) Any agreement or legal proceeding capable of defeating a right not registered by book entry shall be registered by book-entry itself, and a transferee under an agreement shall be in good faith when applying to the account-holding institution.

(3) The legal consequences of the book-entries shall count from the time of final control at the central securities depository.

(4) An account-holding institution shall be obliged to report, without delay, received applications for book-entry in a central securities depository.

**69.** Once an agreement as to rights pertaining to investment securities has been finally registered by book-entry at a central securities depository, an assignee in good faith may not be met with any objections

as to the validity of the agreement. However, the objection that the transfer is void because of forgery or duress under threat of violence shall prevail.

**71. (1)** *(omitted)*

(2) If a central securities depository on behalf of the issuer effects payment in good faith to the person entitled to receive such payment according to the book-entry register, the central securities depository shall be discharged from liability, even though the payee was not entitled to receive the payment or was legally incompetent. However, this shall not apply if the person entitled to receive the payment according to the book-entry register derives his right from an agreement transfer which is void due to forgery or duress under threat of violence.

**72.** (1) (*omitted*)

(2) If the account holder keeps an account on behalf of one or more owners, this shall be registered by book-entry on the account.

**LBKG 2012 855 af den 17 august 2012**
**Værdipapirhandelsloven**

**§ 57.** En aftale, der er indgået mellem systemdeltagere og en clearingcentral, et registreret betalingssystem, interoperable systemer eller Danmarks Nationalbank om netting af samtlige overførselsordrer, kan med virkning over for boet og kreditorerne tillige indeholde en bestemmelse om, at de pågældende overførselsordrer skal nettes, cleares og afvikles eller føres tilbage, hvis en af parterne, herunder en systemdeltager i et interoperabelt system, erklæres konkurs eller tages under rekonstruktionsbehandling, og under forudsætning af at overførselsordrerne er indgået i systemet inden konkursdekretets afsigelse eller rekonstruktionsbehandlingens indledning.

Stk. 2. Aftaler om netting efter stk. 1 kan omfatte overførselsordrer, der først er indgået i clearingcentralen, Danmarks Nationalbank, det registrerede betalingssystem eller et interoperabelt system efter konkursdekretets afsigelse eller rekonstruktionsbehandlingens indledning, men på den forretningsdag, hvor konkursdekret blev afsagt eller rekonstruktionsbehandling blev indledt, hvis systemoperatøren, det interoperable system, clearingcentralen, det registrerede betalingssystem eller Danmarks Nationalbank på det tidspunkt, hvor fordringen blev uigenkaldelig, jf. § 57 c, hverken var eller burde have været vidende om konkursen eller rekonstruktionsbehandlingens indledning. I tilfælde, hvor en overførselsordre er indgået i systemet på den forretningsdag, hvor konkursdekret er afsagt eller rekonstruktionsbehandling er indledt, men efter udløbet af det døgn, hvor konkursen er offentliggjort i Statstidende, påhviler det dog systemet at godtgøre, at systemet hverken var eller burde have været vidende om konkursen.

Stk. 3. Aftaler om netting med udenlandske clearingcentraler og betalingssystemer, der er anmeldt til Kommissionen i medfør af artikel 10, 1. afsnit, i Europa-Parlamentets og Rådets direktiv 98/26/EF har samme retsvirkning som aftaler nævnt i stk. 1.

Stk. 4. Finanstilsynet kan godkende, at en aftale om netting, der ikke er omfattet af stk. 3, og som er indgået med udenlandske clearingcentraler og betalingssystemer eller tilsvarende udenlandske virksomheder, der udøver værdipapirclearingvirksomhed eller clearing af betalinger uden for Den Europæiske Union eller lande, som Unionen har indgået aftale med, får retsvirkning i henhold til stk. 1.

Stk. 5. En aftale som nævnt i stk. 1 skal for at have retsvirkning over for boet og kreditorerne inden konkursen eller indledningen af rekonstruktionsbehandling være indsendt til Finanstilsynet. Hvis aftalen vedrører et registreret betalingssystem omfattet af § 86, stk. 2, skal aftalen for at have retsvirkning over for boet og kreditorerne inden konkursen eller indledningen af rekonstruktionsbehandling være indsendt til Danmarks Nationalbank.

Stk. 6. Aftaler i henhold til stk. 1 og 4 skal indeholde objektive betingelser for, i hvilke tilfælde indgåede, men ikke afviklede overførselsordrer enten

1) opfyldes i overensstemmelse med nettingaftalen eller
2) tilbageføres.

**§ 57 c.** Gældende regler og tilslutningsaftaler for en clearingcentral, et registreret betalingssystem eller for tilsvarende virksomhed udøvet af Danmarks Nationalbank skal indeholde bestemmelser om,

   1) hvornår en overførelsesordre anses for indgået i systemet,

samt

   2) tidspunktet eller tidspunkterne for, hvornår en overførelsesordre, der er indgået i systemet, ikke længere

**§ 62.** Ret til at foretage indrapportering til registrering i en værdipapircentral på dennes vegne og med retsvirkning i henhold til §§ 66-75 (kontoførende institutter) tilkommer ud over den pågældende værdipapircentral

   1) finansielle virksomheder, der har tilladelse som pengeinstitut
   eller fondsmæglerselskab,
   2) finansielle virksomheder, der har tilladelse som realkreditinstitut
   eller investeringsforvaltningsselskab, for så vidt disse
   virksomheder har tilladelse efter lov om finansiel virksomhed § 9, stk.1,
   3) virksomheder, der drives i fællesskab af disse finansielle
   virksomheder, og som har til formål at forvalte værdipapirer,
   4) Danmarks Nationalbank og centralbanker i et andet land inden for Den Europæiske
   Union eller i et land, som Unionen har indgået aftale med på det finansielle område,
   5) Økonomistyrelsen,
   6) clearingcentraler,
   7) obligationsudstedende institutter, for så vidt angår fondsaktiver, der er udstedt af det
   pågældende institut, og
   8) investeringsselskaber og kreditinstitutter, der er meddelt tilladelse i et andet land inden
   for Den Europæiske Union eller i et land, som Unionen har indgået aftale med på det
   finansielle område.

Stk. 2. Administrationsselskaber, der er meddelt tilladelse i et andet land inden for Den Europæiske Union eller i et land, som Unionen har indgået aftale med på det finansielle område, har ret til at foretage indrapportering til registrering, jf. stk. 1, såfremt selskabet lovligt udøver værdipapirhandel enten

gennem en filial eller ved at yde tjenesteydelser her i landet, jf. lov om finansiel virksomhed § 30 henholdsvis § 31.

Stk. 3. Kreditinstitutter og investeringsselskaber, der er meddelt tilladelse i et land uden for Den Europæiske Union, som Unionen ikke har indgået aftale med på det finansielle område, har ret til at foretage indrapportering til registrering, jf. stk. 1, såfremt selskabet lovligt udøver værdipapirhandel enten gennem en filial eller ved at yde tjenesteydelser her i landet, jf. lov om finansiel virksomhed § 1, stk. 3, henholdsvis § 33.

Stk. 4. Udenlandske clearingcentraler eller lignende institutioner, som er under offentligt tilsyn, har efter Finanstilsynets godkendelse ret til at foretage indrapportering til registrering, jf. stk. 1.

Stk. 5. Ret til at indhente oplysninger om egne konti direkte i en værdipapircentral og overføre meddelelser om salg gennem værdipapircentralen til de kontoførende institutter eller en clearingcentral samt foretage anmeldelser om registrering på egne konti direkte til en værdipapircentral tilkommer storkunder.

**§ 66.** Rettigheder over fondsaktiver skal registreres i en værdipapircentral for at opnå beskyttelse mod retsforfølgning og aftaleerhververe.

Stk. 2. Den aftale eller retsforfølgning, der skal kunne fortrænge en ikke registreret ret, skal selv være registreret, og en erhverver ifølge aftale skal være i god tro ved anmeldelsen til det kontoførende institut.

Stk. 3. Registreringens retsvirkninger regnes fra tidspunktet for den endelige prøvelse i værdipapircentralen.

Stk. 4. Et kontoførende institut har pligt til uden ophold at indrapportere modtagne anmeldelser til registrering i en værdipapircentral.

**§ 69.** Når registreringen af en aftale om rettigheder over fondsaktiver er endeligt gennemført i en værdipapircentral, kan en godtroende erhverver ifølge registreret aftale ikke mødes med nogen indsigelse mod gyldigheden af aftalen. Dog bevares den indsigelse, at aftalen er ugyldig som følge af falsk eller voldelig tvang.

**§ 71.** stk. 1 *(udeladt)*
Stk. 2. Betaler en værdipapircentral på udsteders vegne i god tro til den, som ifølge registeret er berettiget til at modtage betalingen, frigøres værdipapircentralen, selv om den pågældende manglede ret til at

modtage betalingen eller var umyndig. Dette gælder dog ikke, såfremt den efter registeret berettigede støtter sin ret på en aftale, som er ugyldig som følge af falsk eller voldelig tvang.

**§ 72.** stk. 1 *(udeladt)*

Stk. 2. Hvis kontohaver fører kontoen på vegne af en eller flere ejere, skal dette registreres på kontoen.

I, the undersigned, Julie Marie Christiansen, certify that I am fluent in both the English and Danish languages and that the preceding text in the English language is to the best of my knowledge and belief a true and faithful translation of the attached extract from the Danish Securities Trading Act (Consolidated Act no 855 of 17 August 2012) in the Danish language.

Copenhagen, 3 June 2022

Julie Marie Christiansen

Assistant Attorney, LLM