# Exhibit 21

**CERTIFIED TRANSLATION**

Extract from: "*Aftaler* " (*Agreements*)
Edition: 3
Published by: DJØF
Year of publication: 1978
ISBN: 978-87-574-2760-8
Author: Henry Ussing

Page 264-265

meanwhile entail an obligation to pay performance interest, and thereby be valid.

A disposition generally only comes into effect when it has been made by the person, that holds the right in question (rights holder). This general rule is further highlighted below in section II. In some cases, other's dispositions may still have effect (III-IV), and opposite the rights holder's rights can sometimes become inactive.

**II. Dispositions contrary to a third party right. Incompetence.**

   **A. A right as a basis for right of use.**

A disposition generally only comes into effect when it has been made by the person, that can exercise control over the right in question (rights holder). Normally, the right to exercise control follows the right to the asset. The right to exercise control over the right by promise is one of the most important functions of the law of property rights (proprietary rights). This right contributes to making property rights attractive to individuals, and useful by a general point of view, by enabling trading of assets. If others than the rights holder in wide regards could exercise control over property rights, they would lose a lot of their appeal to the individual, and a devastating uncertainty would arise in the property regime.

The rule does have many exceptions (below III-IV). But before they are mentioned, the general rule shall be explained a bit.

### B. The case where more than one individual has a right to the same asset.

If there are several different rights to the same object, e.g., a mortgage or a proprietary right, one of the rights will usually limit the other right holder's disposal. The limitation that is made in one owner's disposal when others have a right to the property object, can be intrusive, and the object of a certain right can soon be one or more individual assets, soon a collective mass of assets. One example of the first is asset seizure, whereby the owner loses the right to dispose over the assets that have been seized, see the Danish Administration of Justice Act section 616, incidentally without the one seizing them gaining this right. An example of the latter is bankruptcy, where the bankrupt loses the right to exercise control over his net assets.
Each holder of rights can generally only exercise control over the object within the limits of his rights, or – put differently – only exercise control over over his own right. This last sentence does however have exceptions. A creditor can for example, dependent on certain conditions, exercise control over the charged object.

Who holds the right to an asset is generally therefore reliant on, what rights are placed upon the object, what limitations in the other rights holder's disposal the individual rights create, and what right of use each right gives the right holder.
When several people in union are entitled to either a singular right or net assets, the entitled, pursuant to the general rule, have authority to exercise control over the right in union. But in many cases arrangements apply that enable dispositions to be made without the participation of the whole union, see below under III.

### C. Incompetence and the effect thereof.

When a promisor, because of a third party right, does not have the authority to make a certain disposition regarding an asset, he is said to lack competence. A disposition that is made by an incompetent person does generally not have any legal effect. – Exceptions addressed below under section III and IV. –
What legal effect the disposition otherwise has, depends on the circumstances.

When the promisor did not know that he, because of third party rights, lacked the required right to use, but the promisee realized or should have realized this, the promise as a whole becomes invalid, either pursuant to the Danish Contracts Act section 33, or following common legal principles. In this regard it must be of decisive importance whether the promisee, in the moment the promise came to his knowledge, knew or should have known, that a third-party right was restricting the validity of the promise. Except in these cases, incompetence in general will not make a promise invalid.

If both parties were aware, that a third-party right was obstructing the made disposition, it must, by interpretation of the promise with regards to all present circumstances, be determined if the promisor promises to overcome the present obstacle to the dispositions validity or otherwise vouches that the promisee will acquire a right in accordance with the promise. If the interpretation leads to understanding the promise thereto, the promisee can at least demand compensated the loss he suffers by the promise not coming into effect, the loss due to non-performance. If the promisee was in reasonably good faith, he can – except from gifts and other particular promises – in most cases make claim to the performance interest.

Uddrag fra: "*AFTALER*"
Udgave: 3
Udgivet af: DJØF
År: 1978
ISBN: 978-87-574-2760-8
Forfatter: Henry Ussing

Side 264-265

imidlertid –medføre- Forpligtelse- til at- betale- Opfyldelsesinteresse og saaledes være gyldigt.

En Forføjning har som Hovedregel kun fuld Virkning efter sit Indhold, naar den er truffet af den Person, der har den paagældende Rettighed (Rethaveren). Denne

Hovedregel belyses nærmere under I I. I visse Tilfælde kan andres Dispositioner dog faa Virkning (I I I-IV), og omvendt kan Rethaverens Forføjninger undertiden blive uvirksomme (V).

## 1.  I I. *FORFØJNING* I*STRID MED TREDIEMANDS RET. INKOMPETENCE.*

### A. *Rettighed som Grundlag for Dispositionsbeføjelse.*

En Forføjning har som Hovedregel kun fuld Virkning efter sit Indhold, naar den er truffet af den, der har den paagældende Rettig- hed (Rethaveren). I Almindelighed følger Beføjelsen til at dispo- nere med Formuerettighederne. [2] Beføjelsen til at raade over Rettig- heden ved Løfter er en af Formuerettighedernes (Ejendomsrettig- hedernes) vigtigste Funktioner. [3] Denne Beføjelse bidrager til at gøre Formuerettighederne attraaværdige for de enkelte og nyttige fra et alment Synspunkt ved at muliggøre Omsætning af Formue- goder. Hvis andre end Rethaveren i større Omfang kunde dispo- nere over Formuerettigheder, vilde de miste meget af deres Til- lokkelse for de enkelte, og der vilde opstaa en ødelæggende Usikker- hed i Formueforholdene.

Reglen har dog mange Undtagelser (ndfr I I I-IV). Men inden der tales om dem, skal Hovedreglen belyses lidt.

### B. *Stillingen, naar flere har Rettigheder over samme Formuegode.*

Hvis der bestaar flere *forskellige Rettigheder over samme Genstand,* f Eks en Panteret og en Ejendomsret, begrænser den ene Ret som oftest den anden Rethavers Raadighed. Den Begrænsning, der gøres i en Ejers Raadighed, naar andre har Rettigheder over Ejendomsgenstanden, kan være mere eller mindre indgribende, og Genstanden for en vis Rettighed kan snart være en eller flere enkelte Formuegenstande, snart en samlet Formuemasse. Et Eksempel paa det første er Arrest paa Gods, hvorved Ejeren mister Beføjelse *til* at disponere over de Genstande, der er gjort Arrest i, jfr Rpl § 616, iøvrigt uden at den, som gør Arrest, faar denne Beføjelse. Et Eksempel paa det sidste er Konkurs, hvorved Fallenten taber Raadigheden over sin Formue som Helhed.

Hver Rethaver kan som Hovedregel kun disponere over Genstanden indenfor Grænserne af sin Rettighed, eller — udtrykt paa en anden Maade — kun disponere over sin egen Rettighed. Denne sidste Sætning har dog Undtagelser. En Panthaver kan f Eks under visse Betingelser disponere over den pantsatte Genstand.

Hvem der har Raadighed over en Formuegenstand, .beror altsaa som Hovedregel paa, hvilke Rettigheder der bestaar over Genstanden, hvilke Begrænsninger i de andre Rethaveres Raadighed den enkelte Rettighed medfører, og hvilke Dispositionsbeføjelser den enkelte Rettighed giver Ret- haveren.

Naar en enkelt Rettighed eller en Formuemasse *tilkommer flere Person.er i Forening,* følger det af Hovedsynspunktet, at de berettigede i Forening har Beføjelse til at disponere. Men i mange Tilfælde gælder der Ordninger, som muliggør Dispositioner uden alles Deltagelse, jfr ndfr under II I.

### C. *INKOMPETENCE OG VIRKNINGEN DERAF.*

Naar en Løftegiver paa Grund af Trediemands Ret ikke har Beføjelse til at træffe en vis Forføjning over en Formuegenstand, siges han at mangle *Kompetence.* [4] En Forføjning, der træffes af en inkompetent Person, faar som Hovedregel ikke Retsvirkning efter sit Indhold. — Undtagelser omtales ndfr under I II og IV. —

Hvilken Retsvirkning Forføjningen iøvrigt har, beror paa Omstændig- hederne.

Naar Løftegiveren ikke vidste, at ha:l paa Grund af Trediemands Ret manglede den fornødne Dispositionsbeføjelse, men Løftemodtageren indsaa eller burde indse dette, bliver Løftet i Almindelighed *ugyldigt* enten efter Aftl § 33 eller efter almindelige Retsgrundsætninger. [5] Afgørende i saa Henseende maa være, om Løftemodtageren i det Øjeblik, da Løftet kom til hans Kundskab, saa eller burde indse, at Trediemands Ret da var til Hinder for Løftets Virksomhed. Bortset fra disse Tilfælde vil Inkompetence i Almindelighed ikke gøre Løftet ugyldigt.

Var begge Parter paa det rene med, at Trediemands Ret var til Hinder for den trufne Forføjning, maa det ved Tolkning af Løftet under Hensyn til alle foreliggende Omstændigheder afgøres, om Løftegiveren lover at overvinde den foreliggende Hindring for Dispositionens Virksomhed eller dog indestaar for, at Løftemodtageren erhverver Ret i Overensstemmelse med Løftet. Hvis Tolkningen fører til at forstaa Løftet saaledes, kan Løfte- modtageren ialfald kræve erstattet det

Tab, han lider ved, at Løftet ikke faar Virkning efter sit Ind hold, altsaa Opfyldelsesinteressen. [6]

Var Løftemodtageren i begrundet *god Tro,* kan han — bortset fra Gaver og andre særlige Løfter -i de fleste Tilfælde kræve Opfyldelsesinteressen. [7]

"I, the undersigned, Fanny Nesbakken Secret, certify that I am fluent in both the English and Danish languages and that the preceding text in the English language is to the best of my knowledge and belief a true and faithful translation of the attached extract from the Danish textbook Aftaler, ISBN 978-87-574-2760-8 in the Danish language."

Copenhagen, 03 June 2022

*[signature]*

Fanny Nesbakken Secret

Assistant Attorney, LLM