# Exhibit 27

**Print Requests, Duplicating**

**From:** Wells, Peter
**Sent:** Monday, January 14, 2013 1:19 PM
**To:** 'Adam Larosa'
**Cc:** Ben-Jacob, Michael; Matthew Stein; Jérôme LHOTE; John H. van Merkensteijn, III; Richard Markowitz
**Subject:** RE: Raubritter LLC Pension Plan
**Attachments:** Xiphias - Power of Attorney.DOCX; Michelle Investments - Power of Attorney.DOCX; Lion Advisory - Power of Attorney.DOCX; California Catalog - Power of Attorney.DOCX; Raubritter - Power of Attorney.DOCX; Rajan - Power of Attorney.DOCX; Delvian - Power of Attorney.DOCX

Adam,

Attached are the New York powers of attorney for the various pension plans as follows:

1. Xiphias LLC Pension Plan (Richard signing as Trustee)
2. Michelle Investments Pension Plan (Matt signing as Trustee)
3. Lion Advisory Inc. Pension Plan (Luke McGee signing as Trustee)
4. California Catalog Company Pension Plan (Daniel Stein signing as Trustee)
5. Delvian LLC Pension Plan (Alicia signing as Trustee)
6. Raubritter LLC Pension Plan (Alexander Chatfield Burns signing as Trustee)
7. Rajan Investments LLC Pension Plan (Thomas Bergerson signing as Trustee)

Each document names you as the agent to act at the direction of the principal to execute trade orders and to complete, execute and file tax reclaims and the TIC Forms on behalf of the pension plan. The principal noted above needs to initial the letters "C", "D" and "N" on page 2 and 3 and sign above their name on page 4. Note, that the signature must be notarized. You then need to sign above your name on page 6, which also needs to be notarized.

Let me know if you have any questions.

Sign & Date

Regards,
Peter

***

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Peter Wells
KAYE SCHOLER LLP
425 Park Avenue | New York, New York 10022
T: +1 212.836.8662 | F: +1 212.836.6447
peter.wells@kayescholer.com | www.kayescholer.com

**Print Requests, Duplicating**

**From:** Wells, Peter
**Sent:** Monday, January 14, 2013 1:19 PM
**To:** 'Adam Larosa'
**Cc:** Ben-Jacob, Michael; Matthew Stein; Jérôme LHOTE; John H. van Merkensteijn, III; Richard Markowitz
**Subject:** RE: Raubritter LLC Pension Plan
**Attachments:** Xiphias - Power of Attorney.DOCX; Michelle Investments - Power of Attorney.DOCX; Lion Advisory - Power of Attorney.DOCX; California Catalog - Power of Attorney.DOCX; Raubritter - Power of Attorney.DOCX; Rajan - Power of Attorney.DOCX; Delvian - Power of Attorney.DOCX

Adam,

Attached are the New York powers of attorney for the various pension plans as follows:

1. Xiphias LLC Pension Plan (Richard signing as Trustee)
2. Michelle Investments Pension Plan (Matt signing as Trustee)
3. Lion Advisory Inc. Pension Plan (Luke McGee signing as Trustee)
4. California Catalog Company Pension Plan (Daniel Stein signing as Trustee)
5. Delvian LLC Pension Plan (Alicia signing as Trustee)
6. Raubritter LLC Pension Plan (Alexander Chatfield Burns signing as Trustee)
7. Rajan Investments LLC Pension Plan (Thomas Bergerson signing as Trustee)

Each document names you as the agent to act at the direction of the principal to execute trade orders and to complete, execute and file tax reclaims and the TIC Forms on behalf of the pension plan. The principal noted above needs to initial the letters "C", "D" and "N" on page 2 and 3 and sign above their name on page 4. Note, that the signature must be notarized. You then need to sign above your name on page 6, which also needs to be notarized.

Let me know if you have any questions.

Regards,
Peter

***

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Peter Wells
KAYE SCHOLER LLP
425 Park Avenue | New York, New York 10022
T: +1 212.836.8662 | F: +1 212.836.6447
peter.wells@kayescholer.com | www.kayescholer.com

This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8662) and delete the message, along with any attachments, from your computer. Thank you.

**From:** Adam Larosa [mailto:alarosa@argremgt.com]
**Sent:** Friday, January 11, 2013 3:25 PM
**To:** Wells, Peter
**Cc:** Ben-Jacob, Michael; Matthew Stein; Jérôme LHOTE; John H. van Merkensteijn, III; Richard Markowitz
**Subject:** RE: Raubritter LLC Pension Plan

Peter – thank you very much.

Look forward to seeing the POAs

Adam La Rosa
Director
Argre Management LLC
40 West 57th Street
New York, New York 10019
Tel: 212-247-2600
Mobile: 732-272-4445
Fax: 212-247-2753
e-mail: alarosa@argremgt.com

---

**From:** Wells, Peter [mailto:Peter.Wells@kayescholer.com]
**Sent:** Friday, January 11, 2013 3:04 PM
**To:** Adam Larosa
**Cc:** Ben-Jacob, Michael
**Subject:** RE: Raubritter LLC Pension Plan

Adam,

Following up on our call from yesterday. We agree that it is probably a good idea to employ the separate email approach as it relates to the instructions that you issue on behalf of the various pension plans. This of course assumes that this strategy is administratively manageable on your end so as to be implemented and consistently employed. Furthermore, we also confirm that the emails should be in the name of the particular partnership, as opposed to the pension plan itself, though in most cases I imagine the email address might be able to be made sufficiently opaque so to make this point moot (e.g., adam@millriver.com - or however you decide to do it).

In addition, we also agree that it makes sense for there to be powers of attorney in place for all of the pension plans (except for Mill River). As we suggested the powers of attorney should be in the standard New York form and should be limited to ministerial actions in connection with executing trade orders and signing reclaim forms and related matters - all in accordance with the directions of the principal. We will draft the powers of attorney for the plans and circulate for signature.

Let me know if you have any questions.

Regards,
Peter

***

RS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any

U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Peter Wells
KAYE SCHOLER LLP
425 Park Avenue | New York, New York 10022
T: +1 212.836.8662 | F: +1 212.836.6447
peter.wells@kayescholer.com | www.kayescholer.com

This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8662) and delete the message, along with any attachments, from your computer. Thank you.

---

**From:** Adam Larosa [mailto:alarosa@argremgt.com]
**Sent:** Thursday, January 10, 2013 10:56 AM
**To:** Wells, Peter; Ben-Jacob, Michael
**Cc:** Matthew Stein; Richard Markowitz
**Subject:** FW: Raubritter LLC Pension Plan

Michel/Peter,

Now that we have the partnerships in place do we need POAs in place for me from the Pension Plan to sign documents such as these?

Please let me know asap as we just received the 6166s for these and would like to start the reclaim process.

Best,

**Adam La Rosa**
Director
Argre Management LLC
40 West 57th Street
New York, New York 10019
Tel: 212-247-2600
Mobile: 732-272-4445
Fax: 212-247-2753
e-mail: alarosa@argremgt.com

---

**From:** Stef Lambersy [mailto:slambersy@acupay.com]
**Sent:** Tuesday, December 11, 2012 7:12 AM
**To:** Adam Larosa
**Cc:** Miriam Haniffa
**Subject:** Raubritter LLC Pension Plan

Dear Adam,

Please find attached all documents we would need to set up the reclaim process.

1. A reclaim agreement between Raubritter and Acupay – identical to the one we are currently using for the other plans
2. A Power of Attorney between Raubritter and Acupay
3. A Beneficial Owner Declaration from Raubritter

Could you please arrange for signature of all documents and send the originals back to my attention (address below).

Thanks,

Stef

Stef Lambersy | Business Development Associate | Market Development



+44 207 382 0340 (dir-0348)
slambersy@acupay.com
www.acupay.com
28 Throgmorton Street, EC2N 2AN, London

 *Please consider the environment before printing*

This message and any attachments may be privileged, confidential or proprietary and is intended only for the recipient(s) listed above. If you have received this transmission in error, please return this email to the sender immediately and delete this message from your computer. Access, copying or re-use of this message or any attachment or information contained herein by anyone other than the intended recipient(s) is not authorized. E-mail communication cannot be guaranteed to be secure; please refrain from communicating sensitive or private information unless the proper security precautions are taken.